**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 1, 2022

LETTER TO PARTIES

    RE:   *Toi H. v. Kijakazi*
            Civil No. SAG-20-3260

Dear Plaintiff and Counsel:

    On November 10, 2020, Plaintiff, proceeding *pro se*, filed a complaint, asking this Court to review and release any unpaid benefits owed to Plaintiff by the Commissioner of the Social Security Administration ("SSA"). ECF No. 1. The Commissioner filed a Motion to Dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1). ECF No. 23. However, because the Commissioner did not style her motion to dismiss as one in the alternative under Federal Rules of Civil Procedure 12(b)(6) or 56, this Court requested that an amended Motion to Dismiss be filed. ECF No. 27. Subsequently, the Commissioner filed an Amended Motion to Dismiss pursuant to Rule 12(b)(6), or alternatively for summary judgment pursuant to Rule 56. ECF No. 28. Plaintiff filed several motions and other filings in response. ECF No. 29, 30, 32, 33, 34, 36, 37. I have carefully reviewed the parties' filings. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons set forth below, the Commissioner's amended motion must be granted, and Plaintiff's motions must be denied.

    The Commissioner first argues that Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim. Federal Rule of Civil Procedure 12(b)(6) "test[s] the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "A complaint should not be dismissed for failure to state a claim unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts entitling him to relief." *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017) (quoting *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002)). The Court appropriately considers only those facts and allegations contained on the face of the complaint, Fed. R. Civ. P. 12(d), with limited exceptions, *see Zak v. Chelsea Therapeutics Int'l Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015).

    In this case, I will consider the Commissioner's attached Declaration of Janay Podraza, Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations. ECF No. 28-2. Because I am considering matters outside the pleadings, I will exercise my discretion to treat the Commissioner's 12(b)(6) motion, as specifically requested in the alternative, as a motion for summary judgment pursuant to Rule 56.[1] Fed. R. Civ. P. 12(d). In such cases, courts

---

[1] Courts retain discretion under Rule 12(d) to convert a 12(b)(6) motion to one under Rule 56 if the motion is styled as one under Rule 12(b)(6) or, in the alternative, Rule 56. *See Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007); *Kensington Volunteer Fire Dep't, Inc. v. Montgomery*

*Toi H. v. Kijakazi*
Civil No. SAG-20-3260
April 1, 2022
Page 2

must give all parties "reasonable opportunity to present all the material that is pertinent to the motion." *Id.* Reasonable opportunity requires: (1) some notice by the court to the parties "it is treating the 12(b)(6) motion as a motion for summary judgment[,]" and (2) "the consequent right in the opposing party to file counter affidavits or pursue reasonable discovery." *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985). After receipt of the Commissioner's Motion to Dismiss, ECF No. 14, the Clerk of this Court mailed a "Rule 12/56 notice" to Plaintiff, ECF No. 15. Following this Court's instruction to the Commissioner to amend their Motion to Dismiss, and the filing of Defendant's Amended Motion to Dismiss, ECF No. 28, another "Rule 12/56 notice" was mailed to Plaintiff, ECF No. 31. This Court routinely finds that the "Rule 12/56 notice" satisfies the notice requirements set forth in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). *See, e.g., Hutton v. Hickman*, No. ELH-19-3665, 2020 WL 7640825 (D. Md. Dec. 23, 2020); *Collins v. Gang*, No. JKB-19-2526, 2020 WL 7384877 (D. Md. Dec. 16, 2020); *Bogues v. Bishop*, No. CCB-19-2035, 2020 WL 5759758 (D. Md. Sept. 28, 2020). The Rule 12/56 notice alerted Plaintiff to the potential consequences of a failure to appropriately respond to the Commissioner's motion. Indeed, Plaintiff filed subsequent responses to the Commissioner's Amended Motion. ECF No. 29, 30, 32, 33, 34, 36, 37. Therefore, I find that Plaintiff received sufficient notice, by way of the title of the motion and the information in the Rule 12/56 letter, that the Commissioner's motion could be converted to one for summary judgment. I also find that Plaintiff had sufficient opportunity to seek and submit evidence and that conversion of the Commissioner's motion to one for summary judgment is appropriate.

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of showing that there is no genuine dispute of material facts. *See Casey v. Geek Squad*, 823 F. Supp. 2d 334, 348 (D. Md. 2011) (citing *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987)). If the moving party establishes that there is no evidence to support the non-moving party's case, the burden then shifts to the non-moving party to proffer specific facts to show a genuine issue exists for trial. *Id.* The non-moving party must provide enough admissible evidence to "carry the burden of proof in [its] claim at trial." *Id.* at 349 (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315–16 (4th Cir. 1993)). The mere existence of a "scintilla of evidence" in support of the non-moving party's position will be insufficient; there must be evidence on which the jury could reasonably find in its favor. *Id.* at 348 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)). Moreover, a genuine issue of material fact cannot rest on "mere speculation, or building one inference upon another." *Id.* at 349 (quoting *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999)).

Here, Plaintiff received Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act ("the Act") after being found disabled as of May 26, 2010. Declaration of Janay Podraza, Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Social Security Administration ("Podraza Decl.") ¶ 3(a). The SSA notified Plaintiff

---

*Cnty.*, 788 F. Supp. 2d 431, 436 (D. Md. 2011), *aff'd sub nom. Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty., Md.*, 684 F.3d 462 (4th Cir. 2012).

*Toi H. v. Kijakazi*
Civil No. SAG-20-3260
April 1, 2022
Page 3

that her SSI benefits would be reduced beginning September 1, 2013, and that Plaintiff must pay back an overpayment of $3,335.37. *Id.* ¶ 3(b). Plaintiff requested reconsideration of the overpayment, which was denied. *Id.* ¶ 3(c). Plaintiff then filed a request for a hearing before an Administrative Law Judge ("ALJ"). *Id.* ¶ 3(d). Following this hearing, the ALJ determined that Plaintiff was not liable for the $3,335.37 overpayment and the SSA notified Plaintiff that she would be reimbursed for the $2,835.37 she had already paid towards this overpayment. *Id.* ¶ 3(d), 3(e).

Plaintiff then filed another request for a hearing before an ALJ "to determine how much back pay [Plaintiff] was denied by SSA." *Id.* ¶ 3(f). The Commissioner has no record, however, of a request by Plaintiff for the Appeals Council to review the findings of the first ALJ hearing. *Id.* ¶ 3(g). Plaintiff commenced this suit on November 10, 2020, requesting that SSA release the funds owed to Plaintiff. ECF No. 1. The SSA notified Plaintiff on March 31, 2021, that she had been sent a payment for $2,884.02 related to the ALJ's finding that she did not owe an overpayment. Podraza Decl. ¶ 3(h). The Commissioner argues that Plaintiff's complaint should be dismissed because she did not exhaust her administrative remedies under the Act and obtain a final decision of the Commissioner after a hearing. ECF No. 28-1 at 6.

The Act limits judicial review to claims brought by "[a]ny individual, after any final decision of the Commissioner of Social Security." 42 U.S.C. § 405(g). This Section of the Act contains a nonjurisdictional—albeit mandatory—requirement that a claimant exhaust her administrative remedies prior to seeking judicial review of a decision by the SSA. *Accident, Injury and Rehab., PC v. Azar*, 943 F.3d 195, 200 (4th Cir. 2019). "[T]he Act does not define 'final decision,' instead leaving it to the SSA to give meaning to that term through regulations." *Sims v. Apfel*, 530 U.S. 103, 106 (2000) (citing 42 U.S.C. § 405(a), *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975)). The administrative review process established by the SSA contains four steps: (1) an initial determination; (2) reconsideration; (3) an Administrative Law Judge hearing and decision; and (4) Appeals Council review or denial thereof. 20 C.F.R. §§ 404.900(a)(1)-(4), 416.1400(a)(1)-(4). Once a claimant has completed that process, a "final decision" has been issued, and the claimant may seek judicial review. *Id.* §§ 404.900(a)(5), 416.1400(a)(5). Absent a waiver by the Commissioner, *see, e.g.*, *Quattlebaum v. Saul*, No. DLB-19-3258, 2021 WL 1225542, at *2 (D. Md. Mar. 31, 2021), or, in extreme cases, by the Court, *see, e.g.*, *Bowen v. City of New York*, 476 U.S. 467, 484-85 (1986), a plaintiff's failure to exhaust her administrative remedies prevents judicial review of the SSA's decision, *see Accident, Injury and Rehab., PC*, 943 F.3d at 200.

In this case, the Commissioner argues that a final decision has not been issued, and therefore Plaintiff cannot seek judicial review, regarding the amount owed to Plaintiff due to her reduction in SSI benefits. ECF No. 28-1. Plaintiff argues that her SSI benefits were wrongfully stopped, citing the ALJ's opinion finding that she did not owe an overpayment, and requests bond certificates related to the stoppage of SSI benefits, a forensic accounting of what is owed to Plaintiff, and a jury trial. ECF No. 30 at 6.

Considering the foregoing, on the evidence before the Court, Plaintiff has not exhausted her administrative remedies. Therefore, while the court is sympathetic to Plaintiff's argument that her SSI benefits were improperly stopped, it appears that Plaintiff has received a back payment for

*Toi H. v. Kijakazi*
Civil No. SAG-20-3260
April 1, 2022
Page 4

these benefits of $2,884.02 as of March 31, 2021. Podraza Decl. ¶ 3(h). If Plaintiff wishes to challenge this back payment, she must exhaust her administrative remedies by appealing the ALJ's decision to the Appeals Council. *See Smith v. Berryhill*, 139 S. Ct. 1765, 1779 (2019) ("Fundamental principles of administrative law, however, teach that a federal court generally goes astray if it decides a question that has been delegated to an agency if that agency has not first had a chance to address the question."); *id.* at 1779-80 (quoting *Weinberger*, 422 U.S. at 765) ("[E]xhaustion serves to 'preven[t] premature interference with agency processes' and to give the agency 'an opportunity to correct its own errors,' 'to afford the parties and the courts the benefit of its experience and expertise,' and to produce 'a record which is adequate for judicial review.'"). Summary judgment is therefore appropriate against Plaintiff for her failure to exhaust her administrative remedies.

For the reasons set forth herein, the Commissioner's Motion to Dismiss, ECF No. 28, is treated as a motion for summary judgment and GRANTED and Plaintiff's motions, ECF No. 29, 30, 32, 33, 34, and 36 are DENIED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

                                             Sincerely yours,

                                             /s/
                                             Stephanie A. Gallagher
                                             United States District Judge